1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY LEE ALLEN,                          No.  2:21-CV-00870-CKD P

12                 Plaintiff,

13        v.                                     ORDER

14   SACRAMENTO COUNTY JAIL
     MEDICAL STAFF,
15
                 Defendant.
16

17

18        Plaintiff, a former county inmate currently in state custody, is proceeding pro se in this

19   civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court

20   by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

22   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2         I.        Screening Requirement

3         The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15        In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

24   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

25   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26   U.S. 232, 236 (1974).

27        II.       Allegations in the Complaint

28        Plaintiff was taken into county custody on April 21, 2021 at the Sacramento County Mail

2

Jail.  He submitted medical slips requesting treatment for stomach pain.  Medical staff ignored his requests.  Plaintiff also requested the results from his COVID-19 test which were not provided to him.  By way of relief, plaintiff seeks compensatory damages.

### III.    Legal Standards

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation.

1   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

2   difference of opinion about the proper course of treatment is not deliberate indifference, nor does

3   a dispute between a prisoner and prison officials over the necessity for or extent of medical

4   treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

5   (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

6   medical treatment, "without more, is insufficient to state a claim of deliberate medical

7   indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

8   Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

9   prisoner must show that the delay caused "significant harm and that Defendants should have

10  known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

11      **IV.    Analysis**

12          The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

13  which relief can be granted under federal law.  First and foremost, plaintiff has not named any

14  defendant responsible for the delay in receiving medical treatment.  Therefore, the complaint

15  cannot be served on any defendant.  With respect to the specific claims, the complaint establishes

16  a delay in receiving medical care but it does not identify any significant harm that resulted from it

17  which defendant would have appreciated.  See Hallett, 296 F.3d at 745-46; McGuckin, 974 F.2d

18  at 1060.  Therefore, the complaint fails to allege a cognizable Eighth Amendment deliberate

19  indifference claim.  For all these reasons, the complaint must be dismissed.  The court will,

20  however, grant leave to file an amended complaint.

21          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

22  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

23  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

24  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

25  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

26  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

27  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

28  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendant.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2,6, 8) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

/////

/////

/////

/////

/////

5

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  August 6, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/alle0870.14.docx

6