UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF,<br><br>Defendant. | No. 2:21-CV-00870-CKD P<br><br><br><br>ORDER |

Plaintiff is a county inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's first amended complaint is before the court for screening.

**I.      Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.     Allegations in Amended Complaint**

In a one page amended complaint, plaintiff alleges that his Eighth and Fourteenth Amendment rights have been violated due to neglectful and improper medical care, but he does not have the specific names of the persons who are responsible.

**III.    Legal Standards**

**A. Linkage Requirement**

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

1  Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must
2  link each named defendant with some affirmative act or omission that demonstrates a violation of
3  plaintiff's federal rights.

4      **B.  Deliberate Indifference**

5      Denial or delay of medical care for a prisoner's serious medical needs may constitute a
6  violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.
7  97, 104-05 (1976).  An individual is liable for such a violation only when the individual is
8  deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d
9  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.
10 Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

11     In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439
12 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other
13 grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the
14 plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's
15 condition could result in further significant injury or the 'unnecessary and wanton infliction of
16 pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he
17 existence of an injury that a reasonable doctor or patient would find important and worthy of
18 comment or treatment; the presence of a medical condition that significantly affects an
19 individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d
20 at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

21     Second, the plaintiff must show the defendant's response to the need was deliberately
22 indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act
23 or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
24 indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from
25 which the inference could be drawn that a substantial risk of serious harm exists," but that person
26 "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective
27 approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A
28 showing of merely negligent medical care is not enough to establish a constitutional violation.

1    Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A
2    difference of opinion about the proper course of treatment is not deliberate indifference, nor does
3    a dispute between a prisoner and prison officials over the necessity for or extent of medical
4    treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058
5    (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of
6    medical treatment, "without more, is insufficient to state a claim of deliberate medical
7    indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).
8    Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the
9    prisoner must show that the delay caused "significant harm and that Defendants should have
10    known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

     **IV.  Analysis**

     The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff must identify individual defendants by name and allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. For all these reasons, the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

     If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  November 8, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/alle0870.14amd.new.docx